1  Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
2  38 Miller Avenue, #263
Mill Valley, CA 94941
3  415-325-5900
blgibbs@wefightpiracy.com
4
*Attorney for Plaintiff*
5

6

7  IN THE UNITED STATES DISTRICT COURT FOR THE

8  EASTERN DISTRICT OF CALIFORNIA

9

10  HARD DRIVE PRODUCTIONS, INC.       )       **No. 2:11-cv-03476**
                                      )
11          Plaintiff,                )       Judge: Hon. Morrison C. England, Jr.
        v.                            )       Magistrate: Hon. Carolyn K. Delaney
12                                    )
    JOHN DOE,                         )       **AMENDED COMPLAINT**
13                                    )
            Defendant.                )
14                                    )       **DEMAND FOR JURY TRIAL**
    _____   )

15

16      Plaintiff Hard Drive Productions, Inc., through its undersigned counsel, hereby files this

17  Complaint requesting damages and injunctive relief, and alleges as follows:

18                                    **NATURE OF THE CASE**

19      1.      Plaintiff files this action for copyright infringement under the United States Copyright

20  Act and related claims of civil conspiracy and contributory infringement to combat the willful and

21  intentional infringement of one of its creative works. John Doe and his co-conspirators, whose

22  names Plaintiff expects to ascertain during discovery, knowingly and illegally, reproduced and

23  distributed Plaintiff's work, and materially contributed to the infringing conduct by acting in concert

24
25  via the BitTorrent file sharing protocol and, upon information and belief, continue to do the same.

26  Plaintiff seeks a permanent injunction, statutory or actual damages, award of costs and attorney's

27  fees, and other relief.

28

## THE PARTIES

2.      Plaintiff Hard Drive Productions, Inc. is a corporation organized and existing under the laws of the State of Arizona. Plaintiff is the exclusive holder of the relevant rights with respect to the copyrighted creative work that is the subject of this Complaint.

3.      Plaintiff is a producer of adult entertainment content. Plaintiff invests significant capital in producing the content associated with its brand and has produced substantial numbers of videos and photographs. The copyrighted work at issue here is one of these adult videos, "Amateur Allure - Dylan" (the "Video").

4.      The identities of John Doe and his co-conspirators are unknown to Plaintiff. Instead, they are known to Plaintiff only by an Internet Protocol address ("IP address"), which is a number assigned to devices, such as computers, connected to the Internet. In the course of monitoring Internet-based infringement of its copyrighted content, Plaintiff's agents observed unlawful reproduction and distribution occurring among the IP addresses listed on Exhibit A, attached hereto, via the BitTorrent protocol. Plaintiff cannot ascertain the identities of John Doe or his co-conspirators without information from their respective Internet Service Providers ("ISPs").

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (the Copyright Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim and the contributory infringement claim under 28 U.S.C. § 1367(a) because they are so related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, that these three claims form part of the same case and controversy under Article III of the United States Constitution.

6.      This Court has personal jurisdiction because upon information and belief, John Doe either resides in or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP address of John Doe to a point of origin within the State of California. Geolocation is a method for ascertaining the likely geographic region associated with a given IP address at a given date and time. Although not a litmus test for personal jurisdiction, geolocation suggests that John Doe resides in California.

7.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because John Doe resides in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District.

## BACKGROUND

8.      BitTorrent is a modern file sharing method ("protocol") used for distributing data via the Internet.

9.      Traditional file transfer protocols involve a central server, which distributes data directly to individual users. This method is prone to collapse when large numbers of users request data from the central server, in which case the server can become overburdened and the rate of data transmission can slow considerably or cease altogether. In addition, the reliability of access to the data stored on a server is largely dependent on the server's ability to continue functioning for prolonged periods of time under high resource demands.

10.     Standard peer-to-peer ("P2P") protocols involve a one-to-one transfer of whole files between a single uploader and single downloader. Although standard P2P protocols solve some of the issues associated with traditional file transfer protocols, these protocols still suffer from such issues as scalability. For example, when a popular file is released (e.g. an illegal copy of the latest blockbuster movie) the initial source of the file performs a one-to-one whole file transfer to a third

AMENDED COMPLAINT                                                CASE NO. 11-3476

party, who then performs similar transfers. The one-to-one whole file transfer method can significantly delay the spread of a file across the world because the initial spread is so limited.

11.     In contrast, the BitTorrent protocol is a decentralized method of distributing data. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data among themselves. Further, the BitTorrent protocol involves breaking a single large file into many small pieces, which can be transferred much more quickly than a single large file and in turn redistributed much more quickly than a single large file. Moreover, each peer can download missing pieces of the file from multiple sources—often simultaneously—which causes transfers to be fast and reliable. After downloading a piece, a peer automatically becomes a source for the piece. This distribution method contrasts sharply with a one-to-one whole file transfer method.

12.     In BitTorrent vernacular, individual downloaders/distributors of a particular file are called peers. The group of peers involved in downloading/distributing a particular file is called a swarm. A server which stores a list of peers in a swarm is called a tracker. A computer program that implements the BitTorrent protocol is called a BitTorrent client. Each swarm is unique to a particular file.

13.     The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

4

AMENDED COMPLAINT                                                        CASE NO. 11-3476

14.     The degree of anonymity provided by the BitTorrent protocol is extremely low. Because the protocol is based on peers connecting to one another, a peer must broadcast identifying information (i.e. an IP address) before it can receive data. Nevertheless, the actual names of peers in a swarm are unknown, as the users are allowed to download and distribute under the cover of their IP addresses.

15.     The BitTorrent protocol is an extremely popular method for transferring data. The size of swarms for popular files can reach into the tens of thousands of unique peers. A swarm will commonly have peers from many, if not every, state in the United States and several countries around the world. And every peer in the swarm participates in distributing the file to dozens, hundreds, or even thousands of other peers.

16.     The BitTorrent protocol is also an extremely popular method for unlawfully copying, reproducing, and distributing files in violation of the copyright laws of the United States. A broad range of copyrighted albums, audiovisual files, photographs, software, and other forms of media are available for illegal reproduction and distribution via the BitTorrent protocol.

17.     Efforts at combating BitTorrent-based copyright infringement have been stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and efficient means of transferring enormous quantities of data also acts to insulate it from anti-piracy measures. This lawsuit is Plaintiff's only practical means of combating BitTorrent-based infringement of the Video.

## ALLEGATIONS COMMON TO ALL COUNTS

18.     At all times relevant hereto, Plaintiff was the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video.

AMENDED COMPLAINT                                    CASE NO. 11-3476

19.     Plaintiff has applied for a certificate of copyright registration for the Video from the United States Copyright Office, and that application is currently pending (Application No. 1-689627395).

20.     The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected under the copyright laws of the United States.

21.     Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

22.     John Doe and his co-conspirators, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into their BitTorrent clients, entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.

23.     Plaintiff observed John Doe's and his co-conspirators' activities in the torrent swarm specific to the Video and created a log identifying John Doe and his co-conspirators by their IP address and the date and time of their unlawful activity. The IP address associated with John Doe is identified on Exhibit A attached hereto. The IP addresses associated with John Doe's co-conspirators are also identified on Exhibit A.

## COUNT I – COPYRIGHT INFRINGEMENT

24.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth fully herein.

25.     John Doe's and his co-conspirators' conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

AMENDED COMPLAINT                                                    CASE NO. 11-3476

26.     John Doe's and his co-conspirators' conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

27.     John Doe's and his co-conspirators' conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights.

28.     Plaintiff has been damaged by John Doe's and his co-conspirators' conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from the John Doe's and his co-conspirators' conduct.

29.     Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

30.     As John Doe's and his co-conspirators' infringement was intentional and willful, the Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

## COUNT II – CIVIL CONSPIRACY

31.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

32.     In using the peer-to-peer BitTorrent file distribution method, John Doe and his co-conspirators engaged in a concerted action with other yet unnamed individuals to reproduce and distribute Plaintiff's Video by exchanging pieces of the Video file in the torrent swarm.

33.     John Doe and his co-conspirators downloaded a torrent file, opened it using a BitTorrent client, and then entered a torrent swarm comprised of other individuals distributing and reproducing Plaintiff's Video.

AMENDED COMPLAINT                                    CASE NO. 11-3476

34.     Participants in the torrent swarm have conspired to provide other individuals with pieces of the Video in exchange for receiving other pieces of the same Video to eventually obtain a complete copy of the file.

35.     In furtherance of this civil conspiracy, John Doe and his co-conspirators committed overt tortious and unlawful acts by using BitTorrent software to download the Video from and distribute it to others, and were willful participants in this joint activity.

36.     As a proximate result of this conspiracy, Plaintiff has been damaged, as is more fully alleged above.

## COUNT III – CONTRIBUTORY INFRINGEMENT

37.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

38.     John Doe and his co-conspirators had knowledge that they were illegally downloading and distributing Plaintiff's Video without permission or consent.

39.     John Doe and his Co-conspirators, with knowledge of their illegal activities, materially contributed to each other's infringing conduct.

40.     John Doe and his co-conspirators, each and individually, had both actual and constructive knowledge that they were engaged in an act consisting of direct infringement of Plaintiff's copyright.

41.     John Doe and his co-conspirators downloaded a torrent file, opened it using a Bit Torrent client, and then entered a torrent swarm comprised of other conspirators, thereby partaking in the illegal distributing and reproducing of Plaintiff's Video.

42.     John Doe and his co-conspirators, each and individually, materially contributed to each other's efforts in reproducing an illegal copy of Plaintiff's Video through the BitTorrent file

1  distribution method by downloading and exchanging pieces of the Plaintiff's Video in the torrent

2  swarm.

3       43.     As a result of the contributory infringement of copyright by John Doe and his co-

4  conspirators, Plaintiff has been damaged, as is more fully alleged in Count I.

5

6  <center>**JOINDER OF CO-CONSPIRATORS**</center>

7       44.     Plaintiff intends to seek leave of the Court to amend this complaint to join John Doe's

8  co-conspirators as defendants in this action pursuant to Fed. R. Civ. P. 20(a)(2).

9  <center>**JURY DEMAND**</center>

10       45.     Plaintiff hereby demands a jury trial in this case.

11  <center>**PRAYER FOR RELIEF**</center>

12  **WHEREFORE**, Plaintiff respectfully requests Judgment and relief as follows:

13       1)     Judgment against John Doe that he has: a) willfully infringed Plaintiff's rights in

14

15  federally registered copyrights pursuant to 17 U.S.C. § 501; and b) otherwise injured the business

16  reputation and business of Plaintiff by his acts and conduct set forth in this Complaint;

17       2)     Judgment in favor of the Plaintiff against John Doe for actual damages or statutory

18  damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount to be ascertained at

19  trial;

20       3)     Order of impoundment under 17 U.S.C. §§ 503 & 509(a) impounding all infringing

21

22  copies of Plaintiff's audiovisual works, photographs or other materials, which are in John Doe's

23  possession or under their control;

24       4)     On Count II, an order that John Doe is jointly and severally liable to Plaintiff in the

25  full amount of the Judgment on the basis of a common law claim for civil conspiracy to commit

26  copyright infringement; for an award of compensatory damages in favor of the Plaintiff and against

27  John Doe, jointly and severally, in an amount to be determined at trial;

28

<center>9</center>

5)      On Count III, an order that John Doe is jointly and severally liable to the Plaintiff in

the full amount of Judgment on the basis of a common law claim for contributory infringement of

copyright; for an award of compensatory damages in favor of the Plaintiff and against John Doe,

jointly and severally, in an amount to be determined at trial;

6)      Judgment in favor of Plaintiff against John Doe awarding the Plaintiff attorneys' fees,

litigation expenses (including fees and costs of expert witnesses), and other costs of this action; and

7)      Judgment in favor of the Plaintiff against John Doe, awarding Plaintiff declaratory

and injunctive or other equitable relief as may be just and warranted under the circumstances.

Respectfully Submitted,

PRENDA LAW INC.

**DATED: January 5, 2012**

By:      _____/s/ Brett L. Gibbs_____

Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

10

1

**DEMAND FOR A JURY TRIAL**

2

Plaintiff hereby demands a jury trial as provided by FRCP 38(a).

3

4

5

By:      /s/ Brett L. Gibbs

Brett L. Gibbs, Esq. (SBN 251000)

6

*Attorney for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED COMPLAINT                                    CASE NO. 11-3476