Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE,<br><br>　　　　Defendants. | Case No. 11-3476 MCE-CKD<br><br>Hon. Morrison C. England<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |

## INTRODUCTION

Plaintiff Hard Drive Productions, Inc., the copyright holder of the creative work at subject in this action, seeks leave of the Court to serve limited, immediate discovery on third party Internet Service Providers ("ISPs") to determine the identities of John Doe and his co-conspirators. The Court should grant this motion because Plaintiff has good cause for seeking expedited discovery and *ex parte* relief is proper under the circumstances.

## FACTUAL BACKGROUND

Plaintiff filed its Complaint against John Doe alleging copyright infringement and related claims of civil conspiracy and contributory infringement. (*See* Compl.)[1] John Doe and his co-conspirators, without authorization, used an online peer-to-peer ("P2P") media distribution system to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the numerous third parties. (Am. Compl. ¶ 23.) Although Plaintiff does not know the true names of John Doe and

---

[1] Plaintiff subsequently filed an Amended Complaint (ECF No. 6) adding a claim for contributory infringement with a new Exhibit A (ECF No. 6-1).

his co-conspirators, Plaintiff has identified each of them by a unique Internet Protocol ("IP") address, which corresponds to the date and time of infringing activity. (Declaration of Peter Hansmeier, attached hereto as Exhibit A, [hereinafter "Hansmeier Decl."] ¶ 20, 25-26.) Additionally, Plaintiff has gathered evidence of the infringing activities. (*Id.* ¶¶ 16–27.) Plaintiff's agent downloaded the video file that John Doe and each of his co-conspirators unlawfully distributed and confirmed that the file consisted of Plaintiff's copyrighted Video. (*Id.* ¶ 25.) All of this information was gathered by a technician using procedures designed to ensure that the information gathered about John Doe and his co-conspirators was accurate. (*Id.* ¶ 16.)

Plaintiff has identified the ISPs that provide Internet access to John Doe and his co-conspirators. (Am. Compl., Exhibit A.) When presented with an IP address and the date and time of infringing activity, an ISP can identify the name and address of the ISP's subscriber because that information is contained in the ISP's subscriber activity log files. (Hansmeier Decl. ¶22.) ISPs typically keep log files of subscriber activities for only limited periods of time—sometimes for as little as weeks or even days—before erasing the data. (*Id* ¶ 22, 28-29.)

In addition, some ISPs lease or otherwise allocate certain IP addresses to unrelated, intermediary ISPs. (*Id.* ¶ 30.) Because lessor ISPs have no direct relationship (customer, contractual, or otherwise) with the end-user, they are unable to identify John Doe or his co-conspirators through reference to their user logs. (*Id.*) The lessee ISPs, however, should be able to identify John Doe and his co-conspirators by reference to their own user logs and records. (*Id.*)

## ARGUMENT

The Court should grant this motion because Plaintiff's need for limited early discovery outweighs any prejudice to John Doe and his co-conspirators. Further, *ex parte* relief is proper under the circumstances where there are no known defendants with whom to confer and Plaintiff's discovery request is directed at a third party.

///

///

///

2
PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY   CASE NO. 11-3476 MCE-CKD

## I. PLAINTIFF MEETS THE STANDARD FOR EXPEDITED DISCOVERY BECAUSE ITS NEED FOR EXPEDITED DISCOVERY FAR OUTWEIGHS ANY PREJUDICE TO JOHN DOE AND HIS CO-CONSPIRATORS

This section discusses why Plaintiff's expedited discovery request readily satisfies the legal standard applicable to such motions. Part A sets forth the legal standard for expedited discovery. Part B demonstrates why Plaintiff has substantial need for the information sought in its motion. Part C explains that the prejudice to John Doe and his co-conspirators from Plaintiff's request is *de minimus*. Part D discusses why Plaintiff's need for the information sought in its expedited discovery request far outweighs the *de minimus* prejudice to John Doe and his co-conspirators.

### A. Expedited Discovery Is Appropriate Where a Movant's Need for Expedited Discovery Outweighs the Prejudice to the Responding Party

Courts within the Ninth Circuit use a balancing test to decide whether motions for expedited discovery should be granted. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002) (granting expedited discovery under a "balance of hardships" analysis). Under the balancing test standard, a request for expedited discovery should be granted where a moving party can show that its need for expedited discovery outweighs the prejudice to the responding party. *Id.* at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."); *see also Texas Guaranteed Student Loan Corp. v. Deepinder Dhindsa*, 2010 U.S. Dist. LEXIS 65753, No. 10-00335 (E.D. Cal. 2010). Courts commonly find it "in the interests of justice" to allow accelerated discovery to identify doe defendants. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) ("[T]he district court erred in dismissing [Plaintiff's] complaint against Doe simply because [Plaintiff] was not aware of Doe's identity at the time he filed the complaint."); *Equidyne Corp. v. Does 1–21*, 279 F. Supp. 2d 481, 483 (D. Del. 2003) (granting expedited discovery motion to allow the plaintiff to identify unknown defendants). As explained below, Plaintiff's request meets the *Semitool* standard and the Court should grant this motion.

B.   **Plaintiff Has a Substantial Need for Expedited Discovery Into the Identities of John Doe and His Co-Conspirators.**

Plaintiff has a substantial need to conduct expedited discovery into the identities of John Doe and his co-conspirators. First, this information is essential to Plaintiff's prosecution of its claims in this case. Second, this information is under imminent threat of destruction.

1.   *The identities of John Doe and his co-conspirators are essential to Plaintiff's prosecution of its claims in this case.*

The identities of John Doe and his co-conspirators are essential to Plaintiff's prosecution of its claims in this case. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) ("[T]he district court erred in dismissing [Plaintiff's] complaint against Doe simply because [Plaintiff] was not aware of Doe's identity at the time he filed the complaint."); *Living Scriptures v. John Doe(s)*, No. 10-cv-00182, 2010 WL 4687679, at *1 (D. Utah, Nov. 9, 2010) (granting a motion for expedited discovery of Doe defendants because "without such information this case cannot commence"). Without knowing these identities, Plaintiff will have no means to name and serve anyone with process. Further, without these identities, Plaintiff will have no means of computing the damages that can be attributed to the conspiracy or establishing testimony from co-conspirators to aid in proving liability against John Doe and any co-conspirators who are later joined to this action. Courts regularly grant expedited discovery requests where such discovery will "substantially contribute to moving th[e] case forward." *Semitool*, 208 F.R.D. at 275–76.

Although Plaintiff was able to observe the infringing activity of John Doe and his co-conspirators through forensic software, this software does not allow Plaintiff to access their computer to obtain identifying information. (Hansmeier Decl. ¶ 21, 27.) Without the identifying information Plaintiff seeks, it cannot name anyone in the complaint or serve them with process. Courts in this district have routinely granted expedited discovery requests to identify the defendants when the defendants must first be identified before the suit can progress further. *See, e.g.*, *UMG Recordings, Inc. v. Does 1–4*, 64 Fed. R. Serv. 3d 305 (N.D. Cal. 2006); *IO Group, Inc. v. Does 1–65*, No. 10-4377, 2010 U.S. Dist. LEXIS 114039 (N.D. Cal. 2010); *Zoosk Inc. v. Does 1–25*, 2010

U.S. Dist. LEXIS 134292 (N.D. Cal. 2010). Because the lawsuit cannot progress without this identification, Plaintiff's need for the information is substantial.

### 2. *ISP subscriber information is under imminent threat of destruction.*

ISPs typically retain user activity logs containing the information sought by Plaintiff for only a limited period of time before erasing the data. (Hansmeier Decl. ¶ 29.) ISPs have retention policies in which they regularly destroy subscriber data after a set period of time—generally weeks or months. An example of an ISP's data retention policy is attached as Exhibit B. Since the infringing activity of John Doe and his co-conspirators occurred as far back as August (*see* Am. Compl., Ex. A), the data retained by these ISPs is on the verge of permanent destruction.

When this information is erased, Plaintiff will have no ability to identify John Doe and his co-conspirators, and thus will be unable to prosecute its copyright infringement claims. (*See, e.g.,* Hansmeier Decl. ¶ 28, 32.) Federal courts have not hesitated to grant motions for expedited discovery under similar circumstances, where physical evidence—in this case, ISP logs—could be consumed or destroyed with the passage of time. *E.g., UMG Recordings, Inc. v. John Doe*, No. 08-1193, 2008 U.S. Dist. LEXIS 79087 (N.D. Cal. 2008) ("In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and *there is a risk an ISP will destroy its logs prior to the conference* . . . . This is because, in considering 'the administration of justice,' early discovery avoids ongoing, continuous harm to the infringed party and there is no other way to advance the litigation." (emphasis added)); *Physicians Interactive v. Lathian Systems, Inc.*, No. CA 03-1193-A, 2003 WL 23018270, at *4, 10 (E.D. Va. Dec. 5, 2003) (granting expedited discovery and finding unusual conditions that would likely prejudice plaintiff where "electronic evidence is at issue" because "electronic evidence can easily be erased and manipulated"); *see also, e.g., Arista Records LLC v. Does 1–7*, No. 3:08-CV-18, 2008 WL 542709, at *1 (M.D. Ga. Feb 25, 2008) (granting because "time is of the essence" and ISP logs are essential to plaintiffs' "ability to pursue their claims"); *Interscope Records v. Does 1–14*, No. 07-4107-RD, 2007 WL 2900210, at *1 (D.

5
PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY    CASE NO. 11-3476 MCE-CKD

Kan. Oct. 1, 2007) (granting immediate discovery from ISPs because "the physical evidence of the alleged infringers' identity and incidents of infringement could be destroyed to the disadvantage of plaintiffs"); *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (granting emergency motion for expedited discovery where "[f]urther passage of time . . . . makes discovery . . . unusually difficult or impossible").

### C. Plaintiff's Request Does Not Prejudice John Doe and His Co-Conspirators

Finally, Plaintiff's request for discovery of John Doe's and his co-conspirators' identities does not prejudice them. *See UMG Recordings, Inc. v. Does 1–4*, No. 06-0652 SBA, 2006 WL 1343597, at *1 (N.D. Cal. Mar. 6, 2006) (concluding that good cause for expedited discovery of Doe defendants' identities in a similar copyright infringement case "outweighs any prejudice . . . for several reasons"); *Semitool*, 208 F.R.D. at 277 (finding defendants are not prejudiced by limited early discovery). First, Plaintiff's request will not prejudice John Doe and his co-conspirators because it is narrowly tailored to basic contact information. Second, John Doe and his co-conspirators have very minimal expectations of privacy. Third, the First Amendment does not shield copyright infringement.

#### 1. *Discovery is non-prejudicial to John Doe and his co-conspirators because Plaintiff's request is limited in scope.*

The information requested by Plaintiff is limited in scope to the basic identifying information of John Doe and his co-conspirators. By limiting the scope of its expedited discovery request to basic contact information, Plaintiff minimizes any prejudice to John Doe and his co-conspirators. *See Warner Bros. Records v. Does 1–14*, No. 8:07-CV-625-T-24, 2007 WL 4218983, at *1–2 (M.D. Fla. Nov. 29, 2007) ("Significantly, the only discovery that is being permitted prior to the Rule 26 conference is the production of information that may lead to the identity of the Does. It is reasonable to carry out this very limited discovery before the Rule 26 process begins."); *Semitool*, 208 F.R.D. at 277 (noting with approval the "narrow" scope of plaintiff's requests). Further, Plaintiff intends to use the information disclosed pursuant to its subpoenas only for the purpose of protecting its rights under the copyright laws.

Limited expedited discovery requests of this type are far from unprecedented. In addition to hundreds of requests in lawsuits filed by copyright holders nationwide, the disclosure of personally identifying information by the cable providers was contemplated by Congress nearly three decades ago in the Cable Communications Policy Act of 1984, Pub. L. 98-549, § 2, 98 Stat. 2794 (codified as amended at 47 U.S.C. § 551 (2001)). Cable operators may disclose such information when ordered to do so by a court. § 551(c)(2)(B) (2001). The Act also requires the ISP to notify each subscriber about whom disclosure is sought about the subpoena, thus providing them with an opportunity to appear and object to the disclosure. *Id.*

### 2. *Discovery is non-prejudicial because John Doe and his co-conspirators have minimal expectations of privacy in basic subscriber information.*

Courts have repeatedly rejected privacy objections to discovery of personal contact information in copyright infringement cases, concluding that defendants in these cases have minimal expectations of privacy. *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Sony BMG Music Entm't Inc. v. Doe*, No. 5:08-CV-109-H, 2009 WL 5252606, at *8 (E.D.N.C. Oct. 21, 2009) ("A defendant has little expectation of privacy in allegedly distributing music over the internet without the permission of the copyright holder."); *Virgin Records Am., Inc. v. Doe*, No. 5:08-CV-389-D, 2009 WL 700207, at *3 (E.D.N.C. Mar. 16, 2009) (same); *Warner Bros. Records, Inc. v. Doe*, No. 5:08-CV-116-FL, 2008 WL 5111884, at *8 (E.D.N.C. Sept. 26, 2008) (same); *Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims.").

Courts nationwide have also rejected challenges to disclosure of personally identifiable information under the privacy provisions of Family Educational Rights and Privacy Act ("FERPA") in cases where defendants are students. *See, e.g.*, *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *7–*8 (W.D. Pa. Apr. 3, 2008) (concluding that 20 U.S.C. § 1232g(b)(2) expressly

authorizes disclosure of "directory information" such as name, address, and phone number; and that a MAC address does not fall within the purview of FERPA at all); *Arista Records LLC v. Does 1–4*, 589 F. Supp. 2d 151, 153 (D. Conn. 2008) (same); *Arista Records, L.L.C. v. Does 1–11*, No. 1:07CV2828, 2008 WL 4449444, at *3 (N.D. Ohio Sept. 30, 2008); *Warner Bros. Records, Inc. v. Does 1–14*, 2007 WL 4218983, at *2 ("[C]ontrary to the defendants' assertion, the information sought is not protected by 20 U.S.C. § 1232g."); *cf. Arista Records LLC v. Does 1–7*, 2008 WL 542709, at *2 n.1 ("The Court finds it unnecessary for purposes of this Order to address whether FERPA affects the University of Georgia's ability to disclose the information sought by Plaintiffs . . . .").

In addition, courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information, as they have already conveyed such information to their Internet Service Providers. *United States v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) (finding a person does not have a privacy interest in the account information given to the ISP in order to establish an email account); *see also, e.g.*, *Smith v. Maryland*, 442 U.S. 735, 743–44 (1979) ("This Court consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties."); *United States v. Beckett*, 369 F. App'x 52, 56 (11th Cir. 2010) (finding defendant could not have had a reasonable expectation of privacy in identifying information collected during internet usage by ISPs in the ordinary course of their business); *Guest v. Leis*, 255 F.3d 325, 335–36 (6th Cir. 2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties."); *United States v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000) (finding defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

And finally, as one court aptly noted, "if an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world." *In re Verizon Internet Services, Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003), *rev'd on*

*other grounds*, *Recording Indus. Ass'n of America, Inc. v. Verizon Internet Services, Inc.*, 351 F.3d 1229 (D.C. Cir. 2003).

### 3. *Discovery is non-prejudicial because the First Amendment is not a shield for copyright infringement.*

The First Amendment does not bar the disclosure of John Doe's and his co-conspirators' identities because anonymous speech, like speech from identifiable sources, does not enjoy absolute protection. The First Amendment does not protect copyright infringement, and the Supreme Court, accordingly, has rejected First Amendment challenges to copyright infringement actions. *See, e.g.*, *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555–56, 569 (1985). It is also well established in federal courts that a person downloading copyrighted content without authorization is not entitled to have their identity protected from disclosure under the First Amendment—the limited protection afforded such speech gives way in the face of *a prima facie* showing of copyright infringement. *E.g.*, *Arista Records, LLC v. Doe No. 1*, 254 F.R.D. 480, 481 (E.D.N.C. 2008) ("[W]hile a person using the internet to distribute or download copyrighted music without authorization engages in the exercise of speech, the First Amendment does not protect that person's identity from disclosure.") (Boyle, J.); *Sony Music*, 326 F. Supp. 2d at 566 ("[D]efendants have little expectation of privacy in downloading and distributing copyrighted songs without permission."); *see also Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *Interscope Records v. Does 1–14*, 558 F. Supp. 2d 1176, 1178 (D. Kan. 2008); *Alvis Coatings, Inc. v. Does 1–10*, No. 3L94 CV 374-H, 2004 WL 2904405, at *3 (W.D.N.C. Dec. 2, 2004) (denying motion to quash subpoena because "where a plaintiff makes a *prima facie* showing that an anonymous individual's conduct on the Internet is . . . unlawful, the plaintiff is entitled to compel production of his identity"). The *Sony Music* court found that the plaintiffs had made a *prima facie* showing of copyright infringement by alleging (1) ownership of the copyrights or exclusive rights of copyrighted sound recordings at issue; and (2) that "each defendant, without plaintiffs' consent, used, and continue[d] to use an online media

distribution system to download, distribute to the public, and/or make available for distribution to others certain" copyrighted recordings. 326 F. Supp. 2d. at 565.

Here, Plaintiff has made a *prima facie* showing of copyright infringement. First, it alleged ownership of the copyrights of the creative work at issue in this case. (*See* Am. Compl. ¶¶ 19–20.) Second, it alleged violation of that copyright. (Am. Compl. ¶¶ 24-30.) Third, it submitted supporting evidence of the IP addresses used in the infringement and the date and times of the alleged infringement. (Am. Compl., Ex. A). Thus, the limited protection afforded to John Doe and his co-conspirators by the First Amendment must give way to Plaintiff's need to enforce its rights.

In summary, the Court has well-established authority to authorize expedited discovery of John Doe's and his co-conspirators' identities. Plaintiff's need for the narrow scope of information sought in its expedited discovery request far outweighs any prejudice to John Doe and his co-conspirators. Without this information Plaintiff cannot prosecute its case. Because John Doe and his co-conspirators opened their computers up to the world to unlawfully reproduce and distribute Plaintiff's copyrighted work, they have minimal expectations of privacy. And, the First Amendment does not bar disclosure of John Doe's and his co-conspirators' identities when they engage in copyright infringement. For these reasons, the Court should grant Plaintiff's motion for expedited discovery.

### D. Plaintiff's Need for the Information Sought Outweighs any Prejudice to John Doe and His Co-conspirators

Plaintiff has an essential need for the identifying information sought in its motion. The information is facing imminent destruction and when the information is destroyed Plaintiff will have no means of addressing the brazen infringement of its copyrighted work. A more important need can hardly be imagined. In contrast, the prejudice to John Doe and his co-conspirators is *de minimus*, at most. Plaintiff's request is limited to basic contact information, and binding precedent establishes that John Doe and his co-conspirators have extremely minimal expectations of privacy in their basic identifying information. Finally, the First Amendment does not shield copyright infringement.

Because Plaintiff's need so completely outweighs any prejudice to John Doe and his co-conspirators, the Court should grant Plaintiff's motion.

## II. *EX PARTE* RELIEF IS APPROPRIATE UNDER THE CIRCUMSTANCES

*Ex parte* relief is appropriate under the circumstances where there are no known defendants with whom to confer. Courts routinely and virtually universally allow *ex parte* discovery to identify "Doe" defendants. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[W]here the identity of the alleged defendants [is] not [ ] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants."); *see also, e.g.*, *Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir. 1978) (holding that the district court erred in dismissing case and denying leave to amend, and "should have afforded [plaintiff] the opportunity to discover" the identities of defendants); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (holding that the district court erred when it denied the plaintiff's motion to join John Doe Defendant where the identity of John Doe could have been determined through discovery); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (reversing and remanding because when "a party is ignorant of defendants' true identity . . . plaintiff should have been permitted to obtain their identity through limited discovery") (citing *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979)).

Courts across the country have applied the same principles to *ex parte* expedited discovery in other copyright infringement suits involving unknown infringers. *See, e.g.*, *Arista Records LLC v. Does 1–43*, No. 07cv2357-LAB, 2007 WL 4538697, at *1 (S.D. Cal. Dec. 20, 2007) (granting *ex parte* motion for immediate discovery on an ISP seeking to obtain the identity of each Doe defendant by serving a Rule 45 subpoena); *Arista Records, LLC v. Does 1–7*, 2008 WL 542709, at *1 (same); *Warner Bros. Records Inc. v. Does 1–14*, 555 F. Supp. 2d 1, 1–2 (D.D.C. 2008) (same); *Warner Bros. Records, Inc. v. Does 1–20*, No. 07-CV-1131, 2007 WL 1655365, at *2 (D. Colo. June 5, 2007) (same); *cf. Arista Records, LLC v. Does 1–14*, 2008 WL 5350246, at *1 (W.D. Va. Dec. 22, 2008) (upholding order granting *ex parte* motion for immediate discovery against challenge);

11

1  *Warner Bros. Records, Inc. v. Does 1–14*, 2007 WL 4218983, at *2 (same). This Court should follow the well-established precedent from the Ninth Circuit and other federal courts, and permit *ex parte* discovery of John Doe's and his co-conspirators' identities. As in the cases cited above, John Doe's and his co-conspirators' identities are not known, but can be determined through limited discovery.

Further, *ex parte* relief is appropriate because Plaintiff is not requesting an order compelling John Doe and his co-conspirators to respond to particular discovery, where notice and opportunity to be heard would be of paramount significance to the other party. Rather, Plaintiff is merely seeking an order authorizing it to commence limited discovery directed towards a third party. For these reasons, an *ex parte* motion to discover the identities of John Doe and his co-conspirators is appropriate and the Court should grant Plaintiff's motion.

## **CONCLUSION**

The Court should grant Plaintiff's motion for two reasons. First, Plaintiff has good cause for expedited discovery because its need for the information sought in this motion far outweights any prejudice to John Doe and his co-conspirators. Second, *ex parte* relief is proper under the circumstances where there are no known defendants with whom to confer. Therefore, Plaintiff respectfully asks the Court to grant this motion and enter an Order substantially in the form of the attached Proposed Order.

Respectfully submitted,

PRENDA LAW, INC.,

**DATED: January 12, 2012**

By:   /s/  Brett L. Gibbs, Esq.
Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law, Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*