February 23, 2012

Eric Cota
417 Manzanita Drive
Los Osos, CA 93402

FILED
FEB 28 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

To: United States District Court for the Eastern District of California
Clerk's Office: Room 1501 on the 1st Floor
2500 Tulare Street, Fresno, CA 93721

Re: [Case No. 11-cv-3476-MCE-CKD]

Enclosed: Letter and Subpoena

I officially object to the enclosed subpoena on the grounds that it violates mine and my mother's privacy. My mother, Gerry Luna, does not live at 417 Manzanita Drive in Los Osos, CA but the long established cable service here is still in her name. I live at 417 Manzanita Drive, pay all cable service bills at this address and take full responsibility for use of the cable / high speed Internet service etc. I have no knowledge of the alleged copyright infringement. However, I entertain many guests in my home and I frequently allow them to use my wireless Internet connection and computer. The enclosed subpoena and letter from Charter Communications, Inc. alerts me to the danger of lax Internet/computer/wireless security and I will take steps prevent the possibility of copyright infringement in the future including:

- Careful monitoring of computer and Internet use in my home
- Educating all users of computers and Internet in my home of the dangers of copyright infringement.
- Explicit prohibition of copyright infringement for all users of computers and Internet in my home.

Respectfully,

*Eric Cota*

Eric Cota

RECEIVED
FEB 27 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

**Charter**™

Charter Communications, Inc.
Legal Department
12405 Powerscourt Dr.
St. Louis, MO 63131
Fax: 314-909-0609

## IMPORTANT LEGAL NOTICE: PLEASE READ CAREFULLY

February 17, 2012

Gerry Luna
417 Manzanita Dr
Los Osos, CA  93402-3745

*OBJECTION DEADLINE*

## March 18, 2012, 4:00 pm CT

### References Used In This Notice

- Court Case: Hard Drive Productions, Inc. (the "Plaintiff") v. John Doe, [Case No. 11-cv-3476-MCE-CKD]
- Court: United States District Court for the Eastern District of California
- Copyrighted Work: *Amateur Allure - Dylan*
- Identifying Information: Accountholder Name, Address(es), Telephone Number, Email Address(es), Modem MAC Address
- Charter Case Number: 12-0328
- Your ID Number: 02

Dear Sir or Madam:

Charter has received a subpoena from attorneys for the Plaintiff seeking certain information about your Charter internet account ("Account"), including the Identifying Information listed above. The Court has issued an order compelling Charter to disclose this information relating to your Charter Account. Charter respects the privacy of its subscribers, and will disclose customer information only to the extent required by law, as indicated in Charter's privacy policy on **www.charter.com**. Because a court order authorizes the Plaintiff to obtain this information, Charter must disclose these records unless you formally oppose disclosure in the Court by the objection deadline stated above. Copies of the court order and subpoena are attached.

Charter records indicate that an IP address listed on an exhibit to the subpoena was assigned to your Account at the given date and time. Below is a copy of the log that associates the IP with your Account :

| IP Address | Modem MAC | CPE MAC | IP Lease Start Time | IP Lease End Time |
|---|---|---|---|---|
| 24.205.253.207 | 00:15:cf:30:f1:2f | 00:11:50:fe:13:84 | 2010/10/01 15:13:31 | 2012/01/25 20:32:00 |

**Please note**: Charter cannot provide you legal representation and cannot object to the subpoena or court order on your behalf. If you wish to take action in this matter, you should contact an attorney immediately, who can advise you of your specific legal rights. If you intend to oppose the order, you should do so without delay in the court identified in the subpoena and order. **AN OBJECTION MADE SOLELY TO CHARTER IS INSUFFICIENT; OBJECTIONS MUST BE MADE DIRECTLY TO THE COURT. HOWEVER, CHARTER MUST BE NOTIFIED OF AN OBJECTION NO LATER THAN THE OBJECTION DEADLINE GIVEN ABOVE.**

If you file an opposition to the order, you or your attorney should provide a copy of the objection you submitted with the Court to Charter (attention "Legal – File-Sharing Team") via facsimile at 314-909-0609) by the objection deadline stated above so that Charter may withhold disclosure of your information. **PLEASE CLEARLY INDICATE IN YOUR COPY TO CHARTER (1) THAT YOUR OBJECTION WAS MADE TO THE COURT AND (2) PROVIDE YOUR NAME AND ADDRESS OR A COPY OF THIS LETTER, EVEN IF YOUR OBJECTION TO THE COURT IS ANONYMOUS. WITHOUT THIS INFORMATION CHARTER CANNOT WITHHOLD DISCLOSURE OF YOUR INFORMATION.**

**FREQUENTLY ASKED QUESTIONS**

**Q: Why did I receive this letter?**
A: Charter received a subpoena related to the Court Case described below. As part of the subpoena, the Plaintiff sent Charter a list of IP addresses that allegedly downloaded and/or distributed the Copyrighted Work on a specific date and time. An IP address on that list was associated with your Charter internet account; your corresponding IP address log was stated in the letter you received. Because of this association, Charter is required to disclose your Identifying Information pursuant to the subpoena and court order. The MAC address is a unique number assigned to your modem.

**Q: What is this Court Case about?**
A: The Plaintiff has filed a lawsuit alleging that certain persons have infringed their copyrights by downloading and/or distributing the Copyrighted Work and has issued subpoenas to learn the identities of these persons. However, the Plaintiff does not know the actual identities of these persons – it only knows the Internet Protocol address ("IP address") of the internet account associated with the alleged activity. Accordingly, the Plaintiff has filed this lawsuit against anonymous "John Doe" defendants and has issued a subpoena pursuant to a court order to determine the identities of the anonymous Doe defendants. As described above, one of these subpoenas has been sent to Charter as your internet service provider. If the Plaintiff receives your Identifying Information, you will likely be added as a named defendant to the lawsuit.

**Q: Am I being charged with a crime?**
A: This notice relates solely to a civil lawsuit, not a criminal investigation.

**Q: Can Charter give me legal advice and/or object to this subpoena on my behalf?**
A: NO. This notice does not provide legal advice and Charter cannot advise you on what grounds exist, if any, to object to this subpoena. If you would like legal advice you should consult your own attorney. You can seek legal assistance from several sources, such as private attorneys, community legal aid organizations, bar association referral services, legal clinics at universities, and advocacy groups specializing in making such objections.

**Q: Has Charter disclosed my name and contact information to the Plaintiff yet?**
A: NO. Your Identifying Information has not been disclosed yet. However, it will be disclosed unless you object to the subpoena by following the steps outlined below before the objection deadline stated in the letter.

**Q: What must I do if I do not want my Identifying Information disclosed to the Plaintiff?**
A: If you do not want your information disclosed, you must object directly to the court identified in the order and subpoena by the objection deadline stated in the letter. You must also notify Charter by sending a copy of this objection to the attention of "Legal – File-Sharing Team" via fax to 314-909-0609. Please clearly indicate in your copy to Charter (1) that your objection was made to the court and (2) provide your name and address or a copy of the letter, even if your objection to the court is anonymous. Without this information Charter cannot withhold disclosure of your information. If you object to the subpoena directly to the court, your Identifying Information will not be disclosed until the court rules on your motion. Please note that an objection made solely to Charter is insufficient; it must be made to the court.

In summary, to prevent the disclosure of your Identifying Information, the following steps must be taken:
1. You must object to the subpoena directly to the court before the objection deadline.
2. You must notify Charter and send a copy of this objection to the court before the objection deadline. This copy should be sent by fax to 314-909-0609 to the attention of "Legal – File-Sharing Team" and must (1) clearly indicate that your objection was made to the court and (2) provide your name and address or a copy of the letter, even if your objection to the court is anonymous.
3. Remember that objections must be made to the court; objections made solely to Charter will not prevent the disclosure of your Identifying Information.

**Q: What if I do nothing?**
A: Charter is required to disclose your Identifying Information to the Plaintiff.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC<br>*Plaintiff*<br>v.<br>JOHN DOE<br>*Defendant* | )<br>)<br>)  Civil Action No.  2:11-cv-03476-MCE-CKD<br>)<br>)  (If the action is pending in another district, state where:<br>)  Eastern District of California       ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records/Subpoena Compliance: Charter Communications, LLC c/o Illinois Corporation Service Co.; 801 Adlai Stevnson Dr., Springfield, IL 62703-4261

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, and e-mail addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format is.

| Place: Prenda Law Inc.<br>161 N Clark St. Suite 3200<br>Chicago, IL 60601 | Date and Time:<br>04/09/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___01/19/2012.___

*CLERK OF COURT*

OR  _____
    *Attorney's signature*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Hard Drive Productions, Inc. _____ , who issues or requests this subpoena, are:
Paul Duffy; Prenda Law Inc.; 161 N Clark St. Ste. 3200, Chicago, IL 60601;pduffy@wefightpiracy.com; (312) 344-3207.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARD DRIVE PRODUCTIONS, INC.,

        Plaintiff,                           CIV. NO. S-11-3476 MCE CKD

    vs.

JOHN DOE,

        Defendant.                         ORDER

_____/

Presently before the court is plaintiff's ex parte application for leave to take expedited discovery, filed on January 12, 2012. (Dkt. No. 7.) Plaintiff has not noticed the ex parte application for hearing. Having reviewed the papers in support of the application, the court concludes that oral argument would not be of material assistance in resolving the application. Accordingly, the application will be decided on the papers submitted.

BACKGROUND

In this action, originally filed on December 30, 2011, plaintiff filed a first amended complaint for copyright infringement, civil conspiracy, and contributory infringement against John Doe and several alleged co-conspirators. (Dkt. No. 6.) Plaintiff is a producer of adult entertainment content, and is alleged to be the exclusive holder of the relevant rights with respect to a copyrighted adult video titled "Amateur Allure - Dylan" (the "Video"). (See First

1

1  injunction. Id.; Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co., 204 F.R.D. 675,
2  676 (D. Colo. 2002). Moreover, several unpublished opinions from federal district courts in
3  California, applying the test in Semitool, found good cause to allow expedited discovery to
4  ascertain the identities of Doe defendants in copyright infringement actions. See e.g. UMG
5  Recordings. Inc. v. Doe, 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008); Arista Records LLC v.
6  Does 1-43, 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007).
7          In Arista Records LLC, the plaintiffs alleged that unidentified defendants had used
8  an online media distribution system to download and distribute plaintiffs' copyrighted works to
9  the public without permission. Arista Records LLC, 2007 WL 4538697, at *1. Because the
10 plaintiffs were only able to identify each defendant by a unique internet protocol address assigned
11 to that defendant, plaintiffs filed an ex parte application seeking leave to serve immediate
12 discovery on a third-party ISP to identify the Doe defendants' true identities. Id. The court
13 found good cause to allow expedited discovery based on the plaintiffs' prima facie showing of
14 infringement, the risk that the ISP would not long preserve the information sought, the narrow
15 tailoring of the requests to the minimum amount of information needed to identify the defendants
16 without prejudicing their rights, and the fact that the expedited discovery would substantially
17 contribute to moving the case forward. Id. The court further noted that, without such discovery,
18 plaintiffs could not identify the Doe defendants and would not be able to pursue their lawsuit to
19 protect their copyrighted works from infringement. Id.
20         Here, plaintiff has similarly demonstrated its need for expedited discovery.
21 Plaintiff obviously cannot conduct a Rule 26(f) conference with unidentified defendants and will
22 need to conduct pre-conference discovery to ascertain John Doe and his alleged co-conspirators'
23 identities, amend its complaint, and move the case forward. There does not appear to be any
24 other way for plaintiff to identify the defendants and pursue the lawsuit to protect its copyrighted
25 Video. Given that plaintiff has identified each potential defendant by the IP address assigned by
26 his or her ISP, it seems likely that the requested discovery will identify the unknown defendants.

1     2. Plaintiff may immediately serve Rule 45 subpoenas on the ISPs listed in
2 Exhibit A to the First Amended Complaint (dkt. no. 6-1) to obtain the following information
3 about the subscribers (both John Doe and the alleged co-conspirators) corresponding to the IP
4 addresses listed in the exhibit: their *names, addresses, telephone numbers, and e-mail addresses.*
5 Each subpoena shall have a copy of this order attached.

6     3. The ISPs, in turn, shall serve a copy of the subpoena and a copy of this order
7 upon its relevant subscribers within 30 days from the date of service upon them. The ISPs may
8 serve the subscribers using any reasonable means, including written notice sent to the
9 subscriber's last known address, transmitted either by first-class mail or via overnight service.

10     4. The subscribers and the ISPs shall each have 30 days from the respective dates
11 of service upon them to file any motions contesting the subpoena (including a motion to quash or
12 modify the subpoena). If that period elapses without the filing of a contesting motion, the ISPs
13 shall have ten (10) days thereafter to produce the information responsive to the subpoena to
14 plaintiff.

15     5. The subpoenaed ISPs shall preserve any subpoenaed information pending the
16 production of the information to plaintiff and/or the resolution of any timely-filed motion
17 contesting the subpoena.

18     6. Any ISP that receives a subpoena pursuant to this order shall confer with
19 plaintiff before assessing any charge in advance of providing the information requested in the
20 subpoena. Any ISP that elects to charge for the costs of production shall provide plaintiff with a
21 billing summary and cost reports.
22 ////
23 ////
24 ////
25 ////
26 ////

5